# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**PETER JAMES ROBINSON,**  )
 )
Petitioner, )
 )
v. ) Case No. CIV 09-481-RAW-KEW
 )
**JUSTIN JONES, DOC Director,** )
 )
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC) and currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, is challenging his loss of earned credits resulting from a disciplinary hearing. The respondent asserts petitioner has failed to exhaust his state court remedies.

Petitioner alleges that on May 20, 2008, while incarcerated at the Nowata County Jail pursuant to an agreement between the DOC and the Nowata County Sheriff's Department, he received a prison disciplinary report that he had committed the offense of Menacing on May 16, 2008. He claims the disciplinary investigator failed or refused to conduct an unbiased investigation, he was denied access to an allegedly exculpatory video recording, and the investigator never viewed the video. Petitioner maintains his misconduct conviction was based only on unsubstantiated statements by staff members. Although he later was granted a rehearing on the misconduct, he claims he was denied due process when prison officials

did not provide him with the video for the rehearing, and he again was found guilty of the offense.

The record shows that petitioner was issued a misconduct for Menacing following an incident at the Nowata Jail on May 16, 2008. According to the Offense Report, petitioner requested a bag of ice from Jailer Chris Hagebusch, because petitioner had injured his knee. When he received the bag of ice, he asked for a larger one. Officer Hagebusch told him he could not have a larger bag, and petitioner said, "Man, watch what your [sic] doing." Petitioner then cursed, threw the bag of ice on the floor, and told the jailer to watch his back. Officer Hagebusch stated in his Jail Incident Report that he felt threatened by petitioner.

Petitioner was found guilty of the offense in his May 22, 2008, disciplinary hearing. Officer Hagebusch's report statements were used to make the finding of guilt. The facility head approved the decision on May 27, 2007. Petitioner filed an appeal, and his final administrative appeal was denied on August 12, 2008.

On September 26, 2008, petitioner sought judicial review in the Oklahoma County District Court, pursuant to Okla. Stat. tit. 57, § 564.1, and he was denied relief on February 11, 2009. On June 5, 2009, he filed a petition for a writ of habeas corpus in the Western District of Oklahoma, but the case was dismissed for his failure to exhaust state judicial remedies. *Robinson v. Miller*, No. CIV-09-598-C (W.D. Okla. Sept. 28, 2009). Petitioner filed an appeal for judicial review to the Oklahoma Court of Criminal Appeals (OCCA) on June 22, 2009, and the DOC then admitted petitioner should have had access to the video surveillance tape, if there were no security concerns. *Robinson v. Dep't of Corrections*, No. PC-2009-572, slip op. at 1 (Okla. Crim. App. Oct. 23, 2009). The OCCA granted petitioner's petition for judicial review and remanded for a rehearing of the disciplinary proceedings. *Id.*,

slip op. at 1-2.

The misconduct was investigated again, and witness statements were gathered and presented to the hearing officer. The November 11, 2009, Investigator's Report stated petitioner had requested the video of the incident, but the recording equipment had been destroyed by lightening five months earlier, so the video was not available. Petitioner's rehearing was held on November 13, 2009, and he again was found guilty based on Officer Hagebusch's statement that petitioner refused the ice bag, and Nowata Police Officer Garrett Friddle's statement that he heard and saw petitioner cursing at Hagebusch. The facility head reviewed and approved the result on November 13, 2009, and petitioner's final administrative appeal was denied on December 23, 2009.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner argues in his response to the motion to dismiss that he exhausted his state judicial remedies when the OCCA issued its October 23, 2009, order granting a rehearing.

3

He contends he did not receive due process in his rehearing, because the video never was produced, and he challenges whether the video actually was destroyed by a lightening strike. He further contends it makes no sense to return to the OCCA with the same arguments. After a careful review of the record, the court finds petitioner failed to present his claim regarding the rehearing to the OCCA under § 564.1, so he has failed to exhaust his state court remedies.

This failure to pursue the state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** respondent's motion to dismiss [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 23rd day of August 2010.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**